# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0205, <u>K.C. v. M.C.</u>, the court on November 29, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, M.C. (husband), appeals the decision of the Circuit Court (<u>Cross</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, K.C. (wife). <u>See</u> RSA 173-B:5 (2022). The husband argues that the evidence was insufficient to support the court's order. We affirm.

To be granted a domestic violence final order of protection, the plaintiff must establish, by a preponderance of evidence, that the defendant engaged in "abuse." RSA 173-B:5, I. "Abuse" means the commission or attempted commission of one or more enumerated crimes by a family or household member or a current or former sexual or intimate partner when such conduct "constitute[s] a credible present threat" to the plaintiff's safety. RSA 173-B:1, I (2022); <u>see</u> S.C. v. G.C., 175 N.H. 158, 163 (2022). The enumerated crimes that may constitute abuse include "[c]riminal threatening as defined in RSA 631:4." <u>See</u> RSA 173-B:1, I.

The trial court's "findings of facts shall be final, but questions of law may be transferred from the circuit court to the supreme court." RSA 173-B:3, VI (2022). We review sufficiency of the evidence claims as a matter of law, upholding the trial court's findings and rulings unless they lack evidentiary support or are tainted by legal error. <u>S.C.</u>, 175 N.H. at 162. We defer to the trial court's judgments as to the credibility of the witnesses and the weight of their testimony. <u>Id</u>. at 162-63. We view the evidence in the light most favorable to the prevailing party, here, the plaintiff. <u>Id</u>. at 163.

The wife testified that the parties' marital relationship had been strained for some time, and that they were contemplating divorce. She filed her domestic violence petition on a Tuesday following a volatile weekend during which the husband left "for two days" and then unexpectedly "picked [their] daughter up from daycare and came back to the house." Upon his return, the husband told the wife that "this is my house, and I'm not leaving, and you can't take [our daughter] anywhere, and you need to stay here, and we're going to talk about this." The wife testified that, "at that point, [she] didn't feel safe

because of his past." She asked her mother to come to the residence, and the husband "called the police to get her [mother] removed." She testified that "that's when I filed for domestic violence."

The wife testified that the husband previously had "threatened to run off with" their daughter. On one occasion, "he got upset, was telling [her] how he wanted a divorce," "grabbed [their] daughter in her stroller and started running away."

The wife also testified that, roughly seven months before she filed her petition, the husband, who had "definitely" been "drinking a lot," "grabbed his gun," "put . . . the gun up to [her] head and told [her] if [she] were to ever leave or try to take his daughter away from him, he would kill [her] and [her] whole family." The trial court found that this conduct constituted criminal threatening. The court acknowledged that the incident occurred approximately seven months earlier, but found that the husband's more recent conduct constitutes a present credible threat to the wife's safety because his behavior "is unpredictable and volatile," and the wife's fear for her safety "appears genuine and credible."

In determining whether a defendant's conduct constitutes "abuse" for purposes of the domestic violence statute, "[t]he court may consider evidence of such acts, regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the petitioner to fear for his or her safety or well-being." RSA 173-B1, I. The mere fact that a domestic violence victim continues to have contact with her abuser after an act of abuse does not establish, as a matter of law, the absence of a credible present threat to the plaintiff's safety. See S.C., 175 N.H. at 163-165. We conclude that evidence of the husband's act of criminal threatening, in combination with his later threat to take the parties' daughter away and his conduct immediately before the petition was filed (forbidding the wife from taking their daughter away, and ordering her to remain in the house, reminiscent of his prior threat), supports the trial court's finding of an ongoing pattern of behavior which reasonably caused the wife to fear for her safety. See id. at 163.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**